UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY CROWN,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

Civil Action No.: 19-13041
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 14]

Plaintiff Holly Crown appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Crown's motion [ECF No. 13] be **DENIED**;
- the Commissioner's motion [ECF No. 14] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I. BACKGROUND

   A. Background and Disability Application

Crown was born in June 1970, making her 43 years old on the alleged date of disability onset of November 30, 2013. [ECF No. 9-2, PageID.41, 53]. She has past work as an administrative assistant. [*Id.*, PageID.52]. Crown alleged disability due to back impairment, migraines, anemia and pain. [ECF No. 9-3, PageID.87].

After an August 2018 hearing, ALJ Crystal White-Simmons found Crown not disabled in an October 2018 written decision. [*Id.*, PageID.65-83, 41-54]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, PageID.32-34]. Crown timely filed for judicial review of this final decision. [ECF No. 1].

   B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

Applying this framework, the ALJ concluded that Crown was not disabled. At the first step, she found that Crown had not engaged in substantial gainful activity since November 30, 2013. [ECF No. 9-2, PageID.43]. At the second step, the ALJ found that Crown had the severe impairments of obesity, degenerative disc disease and chronic obstructive pulmonary disease (COPD). [*Id.*]. The ALJ determined that Crown's hypertension, anemia, gastroesophageal reflux disease (GERD) and dermatitis were non-severe impairments. [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.43-44].

Between the third and fourth steps, the ALJ found that Crown had the RFC to perform sedentary work as defined by 20 C.F.R. § 404.1567(a), except:

> no climbing of ladders, ropes or scaffolds; occasional climbing of ramps and stairs, balancing, kneeling, and crawling; no stooping or crouching; no exposure to excessive vibration, use of moving machinery, or unprotected heights; and occasional exposure to environmental irritants.

[*Id.*, PageID.44]. At the fourth step, the ALJ concluded that Crown could still perform her past relevant work as an administrative assistant. [*Id.*, PageID.52]. In the alternative, after considering Crown's age, education, work experience, RFC and the testimony of the VE, the ALJ determined

4

that there were other jobs in significant numbers that she could perform, including positions as an inspector, a sorter or an assembler. [*Id.*, PageID.53].

**II.  ANALYSIS**

**A.**

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Crown argues that the ALJ did not properly evaluate her obesity under the applicable Social Security ruling and that neither the RFC nor the ALJ's evaluation of her subjective symptoms was supported by substantial

5

evidence. [ECF No. 13, PageID.419-424]. The Court disagrees and recommends that the decision be affirmed.

**B.**

Crown contends that the ALJ failed to adequately analyze and account for the limitations her obesity imposed on her under Social Security Rule 19-2p. *See* SSR 19-2p, 2019 WL 2374244, at *1 (May 20, 2019). The Commissioner argues that this ruling does not apply to Crown because it did not take effect until May 20, 2019, several months after Crown's hearing and the ALJ's written decision. [ECF No. 14, PageID.442]. Crown tacitly concedes this point in her reply, arguing instead that the ALJ erroneously applied earlier Social Security Ruling, SSR 02-1p, in evaluating her obesity. [ECF No. 16]. Both of Crown's arguments lack merit.

First, as the Commissioner correctly points out, SSR 19-2p was not effective at the time of the ALJ hearing and decision, and the rule itself says that it applies to applications filed after May 20, 2019, or any claims pending on or after that date. SSR 19-2p, 2019 WL 2374244, at *1. "We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." *Id.*, n.14. In October 2018, when Crown's decision was issued, SSR 02-1p provided the

6

guidelines for evaluating a claimant's obesity. *Id.* ("This Social Security Ruling (SSR) rescinds and replaces SSR 02-1p.").

Under SSR 02-1p, an ALJ must consider obesity at steps two through five of the sequential evaluation process used to determine whether an individual is disabled. SSR 02–1p, 2002 WL 34686281, at *3 (Sept. 12, 2002). The ruling "provides that obesity, in combination with other impairments, may increase the severity of the other limitations." *Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 443 (6th Cir. 2010) (citation and quotation marks omitted). The ALJ must "consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.,* 359 F. App'x. 574, 577 (6th Cir. 2009). An ALJ properly considers the claimant's obesity by explicitly mentioning the claimant's obesity in the finding of facts or by crediting an expert's report that considers obesity. *Ashley v. Comm'r of Soc. Sec.*, 17-11821, 2018 WL 5118594, at *7 (E.D. Mich. Aug. 23, 2018), *adopted*, 2018 WL 4576679 (E.D. Mich. Sept. 25, 2018) (citing *Coldiron*, 391 F. App'x at 443).

The ALJ here adequately considered Crown's obesity throughout the sequential analysis, explicitly discussing her obesity *and* relying on physicians' opinions that also considered her obesity. At the second and

third steps, the ALJ identified obesity as one of Crown's severe impairments, but found that the evidence did not show that Crown's obesity affected her musculoskeletal, respiratory, cardiovascular or other body system functioning enough to meet a listing. [ECF No. 9-2, PageID.43-44].

The ALJ also discussed plaintiff's obesity as part of the recitation of objective medical evidence. She noted a January 2013 physical examination at which the examiner calculated Crown's body mass index (BMI) of 66.26 kg/m$^2$ and found a normal gait; normal (5/5) muscle strength at the bilateral lower extremities; absent plantar reflexes; no impairment walking on toes or heels; decreased spinal range of motion of unspecified degree and paraspinal muscle spasm; and negative crossed straight leg raising signs. [*Id.*, PageID.45]. The ALJ then described a January 2015 calculation of BMI at 65.58 kg/m$^2$. [*Id.*, PageID.46].

In explicating Crown's RFC, the ALJ noted that her BMI of over 60.0 kg/m$^2$ translated to "extreme" obesity under the National Institutes of Health's clinical guidelines for obesity. [*Id.*, PageID.50]. The ALJ determined that Crown's "obesity, alone and in combination with her other impairments, limits her physical ability to do basic work activities within the parameters of the assessed residual functional capacity." [*Id.*, PageID.51]. She specifically considered Crown's obesity along with her musculoskeletal

8

impairments when restricting her to no exposure to excessive vibration, moving machinery and unprotected heights, and precluding her from climbing ladders, ropes or scaffolds. [*Id.*]. And the ALJ explicitly factored her obesity, along with her respiratory impairment, into the limit to only occasional exposure to environmental irritants. [*Id.*].

The ALJ also gave great weight to the reports of consultant R. Scott Lazzara M.D., who twice examined Crown and referenced her obesity. [*Id.*, PageID.46-48; ECF No. 9-7]. Dr. Lazzara noted Crown's weight as 420 pounds at his first examination in July 2015, and 415 pounds at the second examination two years later. [ECF No. 9-2, PageID.46, 48]. He concluded, "'Much of the patient's symptoms appear to be related to her body habitus.'" [*Id.*, PageID.47 (quoting ECF No. 9-7, PageID.386)]. State agency medical consultant Jennie Wentzloff, M.D., whose opinion the ALJ also gave great weight, considered the effect of Crown's obesity on her RFC. [ECF No. 9-2, PageID.48-49; ECF No. 9-3, PageID.91-95].

In sum, the ALJ expressly considered Crown's severe impairment of obesity throughout the decision and credited opinions of experts who considered her obesity. *See Hairston v. Comm'r of Soc. Sec.*, 17-12346, 2018 WL 4292013, at *6 (E.D. Mich. Aug. 23, 2018), *adopted*, 2018 WL 4282773 (E.D. Mich. Sept. 7, 2018) (finding no error when ALJ discussed

plaintiff's obesity and relied in part on opinion of doctor who included plaintiff's weight in assessment of limitations); *see also, Kocher v. Comm'r of Soc. Sec.*, 2015 WL 7307998, at *5 (S.D. Ohio Nov. 20, 2015), *adopted*, 2015 WL 9489750 (S.D. Ohio Dec. 30, 2015) (finding that remand is unnecessary when record does not show that the plaintiff's obesity imposed functional limitations beyond those assessed by physicians and the ALJ).

Crown does not identify evidence in the record to support functional limitations overlooked by the ALJ. Instead, she queries, "Can [she] . . . sit for 6 hours in an 8-hour day carrying her weight on her spine and lumbar given her severe degenerative disk disease and decreased range of motion?" [ECF No. 16, PageID.459]. Crown asks, "Does [she] have the physical and mental ability, given her physical restrictions, the tiredness caused by her anemia, and the fatigue that results from her medication, to perform sustained work activity for an entire work day, let alone a work week?" [*Id.*]. But Crown, not the ALJ, carries the burden of finding the answers to these questions. She must show how her obesity, combined with other impairments, limits her ability beyond the ALJ's RFC determination. *Ashley,* 2018 WL 5118594 at *6 ("[SSR 02-1p] does not relieve the plaintiff's burden of marshaling competent medical evidence

10

establishing work-related limitations.") The Court thus finds that the ALJ's decision sufficiently accounted for Crown's obesity and the limitations imposed by it.

## C.

Crown argues that her RFC is not supported by substantial evidence because the ALJ did not fully consider her allegations of back pain or the effect of obesity on her ability to perform necessary physical activity in the workplace. But Crow neither identifies needed limitations greater than those provided for in the RFC, nor any evidence from the record to support such a need, which is her burden. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir., 2008). The only support Crown provides to support the need for greater restrictions is her own allegations, which the ALJ need not accept. *Mellon v. Comm'r of Soc. Sec.,* 14-14374, 2016 WL 908895, at *10 (E.D. Mich. Feb. 9, 2016), *adopted*, 2016 WL 894336 (E.D. Mich. Mar. 9, 2016) (an ALJ need not accept a claimant's subjective complaints and may properly consider the credibility of a claimant when determining disability).

Crown also argues that the hypothetical question posed to the VE was flawed, and therefore the ALJ's reliance on the VE's testimony does not constitute substantial evidence. [ECF No. 13, PageID.424]. But the

hypothetical was identical to the RFC in the ALJ's decision. [ECF No. 9-2, PageID.44, 81-82]. Thus, Crown's challenge of the hypothetical is a collateral attack on the RFC itself; it does not provide independent grounds for remand. *See Kirchner v. Colvin*, 2013 WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013) (plaintiff's step five argument is a "veiled attack" on the RFC when the hypothetical is identical to the RFC assessment).

## D.

Crown argues that the ALJ erred in her subjective symptom evaluation by finding that Crown's failure to follow prescribed treatment—a course of physical therapy and referral to pain management services— conflicted with the alleged intensity or persistence of her symptoms. [*See* [ECF No. 9-2, PageID.52; ECF No. 9-7, PageID.350 (describing failure to complete physical therapy in 2013); ECF No. 9-7, PageID.382 (stating in 2015 that Crown had no recent evaluation or treatment and was taking nothing for pain)]. "The Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible."[2] *Lemle v. Comm'r of*

---

[2] SSR 16-3p eliminated use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." *Rhinebolt v. Comm'r of Soc. Sec.,* No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018). Despite the linguistic clarification,

*Soc. Sec.*, 2012 WL 1060111, at *9 (E.D. Mich. Jan. 27, 2012), *adopted*, 2012 WL 1059787 (E.D. Mich. Mar. 29, 2012) (citing *Sias v. Secretary of Health & Human Serv's.*, 861 F.2d 475, 480 (6th Cir.1988)). The ALJ must consider any explanations for a plaintiff's failure to follow prescribed treatment. SSR 16-3p, 2017 WL 5180304, *9 (2017) (requiring ALJs to consider possible reasons claimant did not comply with treatment).

But Crown does not show that she offered an explanation to the ALJ and she includes no explanation in her briefing here. [ECF No. 13; ECF No. 16]. She therefore shows no grounds to reverse the ALJ's decision. *See Perrault v. Comm'r of Soc. Sec.,* 2015 WL 5592931, at *7 (W.D. Mich. Sept. 22, 2015) ("While the ALJ was required to consider any explanations for plaintiff's failure to seek out medical treatment, plaintiff has offered none for the ALJ to consider.").

The ALJ cited other factors in finding that the alleged intensity and persistence of Crown's symptoms were inconsistent with the record. She relied on the state agency reports and Crown's "activities that include slowly performing light housekeeping tasks such as light cleaning and

---

courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

13

washing dishes, shopping, laundry, meal preparation, financial management, reading, playing cards, dining in restaurants, compute use, and driving." [ECF No. 9-2, PageID.52]. Crown does not challenge the state agency opinions or the activities of daily living the ALJ described. Thus, even if the ALJ erred in considering Crown's failure to comply with prescribed physical therapy and pain management services, that error would be harmless. *See Thornton v. Comm'r of Soc. Sec.*, CV 16-11717, 2017 WL 4969352, at *7 (E.D. Mich. May 17, 2017), *adopted*, 2017 WL 4296605 (E.D. Mich. Sept. 28, 2017) (any error in discounting claimant's credibility for medication non-compliance was harmless when the ALJ provided other evidentiary support for credibility determination). The Court finds no compelling reason to disturb the ALJ's subjective symptom evaluation.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Crown's motion for summary judgment be [ECF No. 13] be **DENIED**; that the Commissioner's motion [ECF No. 14] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

Dated: December 21, 2020

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

14

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2020.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager